**Patricia YALE, Appellant,**

v.

**Robert B. FLINT, Eric E. Wohlforth, Les Dungersen and Thomas Miklautsch, Individually, and 5th and I Properties, an Alaska Limited Partnership, Appellees.**

**No. 4157.**

Supreme Court of Alaska.

Dec. 7, 1979.

---

John R. Ulyatt, Albert Z. Lewis, Jr., Anchorage, for appellant.

Robert B. Flint, Wohlforth and Flint, Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR and BURKE, JJ., DIMOND, Senior Justice, and SOUTER, Superior Court Judge.

## OPINION

BURKE, Justice.

On June 8, 1978, the superior court entered a judgment divesting appellant Patricia Yale of all of her right, title and interest in a parcel of real property: Lot 2A, Block 55, Original Townsite of Anchorage, An-

chorage Recording District, State of Alaska. The same judgment purported to vest title to the property in appellee 5th & I Properties, describing that entity as a limited partnership. On July 10, 1978, appellant gave notice that she was appealing the foregoing judgment. We affirm.

The only assertion contained in appellant's statement of points on appeal is that "[t]he Court erred in entering judgment against [her] and vesting title . . . in 5th & I Properties . . . ." In accordance with Appellate Rule 9(e), we "will consider nothing but the points so stated."[1]

The judgment filed on June 8th was entered pursuant to Civil Rule 70, which authorizes the superior court to "enter a judgment divesting the title of any party [to real property within the state] and vesting it in others," in cases where "a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents . . . and the party fails to comply within the time specified." Rule 70, Alaska R.Civ.P. A judgment entered in accordance with the rule "has the effect of a conveyance executed in due form of law." *Id.*

The judgment appealed from was entered upon the motion of appellees, after the superior court found that appellant had "failed to execute and deliver [a] deed [to the property in question] to 5th & I Properties . . . as required by [an earlier judgment of the court] dated May 30, 1978."

The earlier judgment was entered in an action for specific performance and injunctive relief brought by appellees against appellant. It ordered appellant to execute and deliver a deed to the property and gave appellees leave to apply for an order vesting title in them in the event of her noncompliance with its decree. That judgment was based upon findings of fact that appellant had contracted to convey her interest in the property to appellees, that she refus-

---

1. Rule 9(e), Alaska R.App.P., provides:

    At the time of filing his notice of appeal, the appellant shall serve and file with his designation [of the record on appeal] a concise statement of the points on which he intends to rely on the appeal. The court will consider nothing but the points so stated. On motion, and for cause, the statement of points may be supplemented subsequent to the filing of the designation of record.

ed to perform as required by the contract, and that appellees would suffer immediate and irreparable harm in the event of. her continued non-performance.

There was never any appeal from the judgment of May 30th. Nor was there ever a motion made for relief from that judgment, as authorized by Civil Rule 60(b).[2] Under these circumstances we will not now look behind that judgment as appellant urges us to do in her brief.[3] The only question that is properly before us is whether the superior court erred in entering its judgment of June 8, 1978, divesting appellant of her interest in the property and ordering the same vested in appellee 5th & I Properties.

It is undisputed that, under the court's earlier judgment, appellant was required to execute and deliver a deed to the property to 5th & I Properties and that she failed to do so. Thus, the relief afforded by the later judgment, entered on June 8, 1978, was specifically authorized by Civil Rule 70. We conclude that there was no error.

AFFIRMED.

---

**2.** Rule 60(b), Alaska R.Civ.P., provides, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding . . . ."

**3.** In her brief, appellant asserts a number of reasons for reversal, including the alleged mishandling of her case by the attorney represent-

ing her in superior court, but all of her arguments bear upon the proceedings leading to the entry of the judgment of May 30, 1978. Assuming, *arguendo*, that there is merit to any of these contentions they should have been raised in a motion for relief from judgment, pursuant to Civil Rule 60(b), or by the filing of a timely notice of appeal from the earlier judgment.